IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER BLACK; VINCENT CASTEN;   )
KEVIN CONDE; VIANEY GUADARRAMA       )
JR.; DENNIS HAUCK; JOSHUA            )
HENDRICKSON; JOSHUA MCVAY;; BRAD     )
MINTON; JOHN OSBOURN; GEOFFREY       )
PAGE; KERI SACHS; BART SANTTI;       )
SHAWN SCOTT;; CHERYL SHEPPARD;       )
JERI SPRAGUE; and MICHAEL STOUT,     )
acting for themselves and others     )
similarly situated,                  )
                                     )   2:06-cv-1104-GEB-EFB
                Plaintiffs,          )
                                     )
        v.                           )   STATUS (PRETRIAL
                                     )   SCHEDULING) ORDER
CITY OF MARYSVILLE,                  )
                                     )
                Defendant.           )
_____)

        The status (pretrial scheduling) conference scheduled for

September 11, 2006, is vacated since the parties' Joint Status Report

("JSR") indicates that the following Order should issue.


        COLLECTIVE ACTION NOTICE AND CONSENTS

        All consents to proceed with the Fair Labor Standards Act

claim shall be filed on or before April 30, 2007.[1]  Counsel shall meet

_____

        [1]    In the JSR, "Plaintiffs request this Court permit additional
                                                        (continued...)

1

and confer for the purpose of seeking to agree upon a notice that could be provided to all potential plaintiffs. This meeting shall occur no later than October 16, 2006. If counsel cannot agree upon a notice, then Plaintiffs shall file a motion concerning the matter.

<u>SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT</u>

No further service, joinder of parties, or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

<u>DISCOVERY</u>

All discovery shall be completed by February 28, 2008. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[2]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements

---

[1](...continued)
Plaintiffs to opt-in until April 30, 2006." (JSR at 2:8-9.) Based on the other dates requested by the parties, it is inferred that Plaintiffs meant to request a deadline of April 30, 2007.

[2] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. <u>See</u> Local Rule 72-302(c)(1). Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

on or before September 28, 2007, and with the rebuttal expert
disclosures authorized under the Rule on or before October 29, 2007.


### MOTION HEARING SCHEDULE

The last hearing date for motions shall be April 21, 2008,
at 9:00 a.m.[3]

Motions shall be filed in accordance with Local Rule 78-230(b).  Opposition papers shall be filed in accordance with Local Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).  Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial.  <u>Cf</u>. <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

(1)   The Court is presented with newly discovered evidence that could not reasonably have been discovered prior to the filing of the party's motion or opposition papers;

(2)   The Court committed clear error or the initial decision was manifestly unjust; or

(3)   There is an intervening change in controlling law.
A motion for reconsideration based on newly discovered evidence shall set forth, in detail, the reason why said evidence could not

---

[3]   This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

reasonably have been discovered prior to the filing of the party's
motion or opposition papers.  Motions for reconsideration shall comply
with Local Rule 78-230(k) in all other respects.

The parties are cautioned that an untimely motion
characterized as a motion in limine may be summarily denied.  A motion
in limine addresses the admissibility of evidence.


## FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for June 23, 2008, at
1:30 p.m.  The parties are cautioned that the lead attorney who WILL
TRY THE CASE for each party shall attend the final pretrial
conference.  In addition, all persons representing themselves and
appearing in propria persona must attend the pretrial conference.

The parties are warned that non-trialworthy issues could be
eliminated *sua sponte* "[i]f the pretrial conference discloses that no
material facts are in dispute and that the undisputed facts entitle
one of the parties to judgment as a matter of law." Portsmouth Square
v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a JOINT pretrial statement with the
Court not later than seven (7) days prior to the final pretrial
conference.[4]  The joint pretrial statement shall specify the issues
for trial.  The Court uses the parties' joint pretrial statement to
prepare its final pretrial order and could issue the final pretrial

---

[4]     The failure of one or more of the parties to participate in
the preparation of any joint document required to be filed in this case
does not excuse the other parties from their obligation to timely file
the document in accordance with this Order.  In the event a party fails
to participate as ordered, the party or parties timely submitting the
document shall include a declaration explaining why they were unable to
obtain the cooperation of the other party.

order without holding the scheduled final pretrial conference.  <u>See</u>
<u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no
requirement that the court hold a pretrial conference.").  The final
pretrial order supersedes the pleadings and controls the facts and
issues which may be presented at trial.  Issues asserted in pleadings
which are not preserved for trial in the final pretrial order cannot
be raised at trial.  <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>,
827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the
pretrial order are eliminated from the action."); <u>Valley Ranch Dev.</u>
<u>Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an
issue omitted from the pretrial order is waived, even if it appeared
in the pleading); <u>cf.</u> <u>Raney v. District of Columbia</u>, 892 F. Supp. 283
(D.D.C. 1995) (refusing to modify the pretrial order to allow
assertion of a previously-pled statute of limitations defense);
<u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D. La. 1984)
(indicating that "[a]ny factual contention, legal contention, any
claim for relief or defense in whole or in part, or affirmative matter
not set forth in [the pretrial statement] shall be deemed . . .
withdrawn, notwithstanding the contentions of any pleadings or other
papers previously filed [in the action]").

　　　　　<u>If possible, at the time of filing the joint pretrial</u>
<u>statement counsel shall also email it in a format compatible with</u>
<u>WordPerfect to: geborders@caed.uscourts.gov</u>.


<u>TRIAL SETTING</u>

　　　　　Trial is set for September 23, 2008, commencing at 9:00 a.m.

/////

/////

5

<u>MISCELLANEOUS</u>

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause.**

IT IS SO ORDERED.

Dated:  September 6, 2006

<u>/s/ Garland E. Burrell, Jr.</u>
GARLAND E. BURRELL, JR.
United States District Judge