IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BLACK, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF MARYSVILLE,<br><br>　　　　　　　Defendant. | 2:06-cv-1104-GEB-EFB<br><br>ORDER[*] |

Plaintiffs move to strike Defendant's third, sixth, ninth, tenth, and twelfth affirmative defenses asserted in Defendant's Answer. (Pl.'s Mot. to Strike at 1.) Defendant did not file an opposition or a statement of non-opposition to this motion as Local Rule 78-230(c) requires.

BACKGROUND

Plaintiffs are or were employed by Defendant within the past three years. (Pl.'s Mot. to Strike at 2.) Plaintiffs allege Defendant failed to compensate Plaintiffs for all hours worked in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

("FLSA").  (Complaint ¶¶ 30-42.)  Defendant filed an Answer asserting thirteen affirmative defenses.  (Answer ¶¶ 1-13.)  Plaintiffs contend five of these affirmative defenses should be stricken as a matter of law.  (Pl.'s Mot. to Strike at 3-5.)

## DISCUSSION

Federal Rule of Civil Procedure 12(f) states that "the court may order stricken from any pleading any insufficient defense." "Affirmative defenses are governed by the same pleading standard as complaints." Qarbon.com Inc. v. Ehelp Corp., 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) ("Qarbon").  "Affirmative defenses must give [the] plaintiff 'fair notice' of the defense being advanced." Wyshak v. City National Bank, 607 F.2d 824, 827 (9th Cir. 1979).  "If the court chooses to strike a defense, leave to amend should be freely given so long as there is no prejudice to the opposing party." Qarbon, 315 F. Supp. 2d at 1049.  Plaintiff asserts that four of Defendant's affirmative defenses fail to provide fair notice and should be stricken.  (Pl.'s Mot. to Strike at 3-5.)

Defendant's third affirmative defense states "Defendant expressly reserves the right to assert additional affirmative defenses if and to the extent that such affirmative defenses become applicable."  (Answer ¶ 3.)  Plaintiffs argue that this affirmative defense fails to give adequate notice.  (Pl.'s Mot. to Strike at 3.)  The "reservation of rights is not an affirmative defense." Willson v. Bank of Am., N.A., 2004 U.S. Dist. LEXIS 16353, *13-14 (N.D. Cal. Aug. 12, 2004).  Defendant's third affirmative defense is stricken without leave to amend.

Defendant's sixth affirmative defense states "Defendant claims and pleads the immunities from liability for any and all

1  injuries and damages alleged in the complaint on file herein, the
2  defenses and all rights granted to it, by virtue of the provisions of
3  California Government Code section 810-996.6, inclusive." (Answer
4  ¶ 6.) "Defendant's general reference to a series of statutory
5  provisions does not provide [P]laintiff[s] with fair notice of the
6  basis of this defense." Advanced Cardiovascular Sys. Inc. v. Scimed
7  Sys. Inc., 1996 WL 467277, *3 (N.D. Cal. July 24, 1996) ("Scimed").
8  Defendant's sixth affirmative defense is stricken with leave to amend.
9          Defendant's ninth affirmative defense states "Defendant
10 asserts that it is immune from liability as a result of executive
11 and/or legislative and/or judicial immunity under the common law,
12 United States statutes, and the opinions of the State and Federal
13 Courts interpreting these laws." (Answer ¶ 9.) Referencing various
14 doctrines, without specifying how and why those doctrines provide a
15 defense is insufficient to give Plaintiffs notice. See Qarbon, 315
16 F. Supp. 2d at 1049 (stating "reference to a doctrine, like a
17 reference to statutory provisions, is insufficient notice").
18 Defendant's ninth affirmative defense is stricken with leave to amend.
19         Defendant's tenth affirmative defense states "Defendant is
20 immune from liability by reason of the provisions of the California
21 Penal Code, including but not limited to sections 834a, 835, 836,
22 836.5, 847 and Civil Code section 43.55." Listing statutory
23 provisions is insufficient to provide Plaintiffs with fair notice of
24 the defense being asserted. Scimed, 1996 WL 467277, at *3;
25 Qarbon, 315 F. Supp. 2d at 1049. Defendant's tenth affirmative
26 defense is stricken with leave to amend.
27         Defendant's twelfth affirmative defense states "Plaintiff is
28 estopped from bringing a claim against Defendant by virtue of the

3

1  doctrine of [l]aches and the doctrine of [u]nclean [h]ands."  (Answer
2  ¶ 12.)  Plaintiff argues the defense of laches is not a valid defense
3  to an FLSA claim.  (Pl.'s Mot. to Strike at 5.)  "The doctrine of
4  laches is inapplicable where Congress has provided a statute of
5  limitations to govern certain actions.  Thus, since actions under the
6  FLSA are subject to the statute of limitations in the Portal-to-Portal
7  Act, [D]efendant has raised laches in error in this case." Fleming v.
8  Carpenters/Contractors Cooperation Comm., Inc., 834 F. Supp. 323, 328
9  (S.D. Cal. 1993) (citations omitted) rejected on other grounds, Barner
10 v. City of Novato, 17 F. 3d 1256 (9th Cir. 1994).  Defendant's
11 affirmative defense based on the doctrine of laches is stricken
12 without leave to amend.

### CONCLUSION

Defendant's third affirmative defense and the portion of Defendant's twelfth affirmative defense based on laches are stricken without leave to amend.  Defendant's sixth, ninth, and tenth affirmative defenses are stricken with leave to amend, provided that an amended answer addressing any stricken defense is filed within ten days of the date on which this Order is filed.

IT IS SO ORDERED.

Dated:  September 21, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

4