IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER BLACK, et al.,

    Plaintiffs,                        No. CIV S-06-1104 GEB EFB

    vs.

CITY OF MARYSVILLE,

                                  ORDER

    Defendant.

    This case was before the undersigned on October 24, 2007, for hearing on plaintiffs' motion to compel defendant's responses to requests for production of documents. Will M. Yamada and David E. Mastagni appeared as plaintiffs' counsel and J. Scott Smith appeared as defense counsel. For the reasons stated at the hearing, the court grants plaintiffs' motion to compel, as specified herein.

    This action is proceeding on the complaint filed May 19, 2006, in which plaintiffs allege violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* Plaintiffs were employed by defendant as peace officers or dispatchers, and seek compensation for unpaid overtime wages. Plaintiffs originally propounded requests for production of documents on defendant on June 12, 2007. Defendant has repeatedly failed to provide a timely and fully responsive production, thus necessitating the present motion. Plaintiffs' counsel clarified in the joint statement and at the

1

hearing that upon review of defendant's late production in September 2007, four categories of documents remain at issue.

First, plaintiffs seek physical, written sign-in sheets for each plaintiff. Although defendant represented that those were produced the day before the hearing, the court nonetheless orders production to the extent plaintiffs, upon review, finds the production incomplete. Second, plaintiffs seek payroll records for each plaintiff, which they claim would establish the true hourly wage for each individual plaintiff. Again, defendant produced additional documents the day before the hearing, but plaintiffs' counsel indicated that a cursory review of these documents reveals an incomplete production. Accordingly, the defendant shall provide complete responses to plaintiffs' requests for the relevant payroll records.[1] Next, plaintiffs have requested from defendant time sheets for the period of May 3, 2003, through December 31, 2003. Defendant again indicated that these had been produced prior to the hearing, but given the lateness of the production plaintiff's counsel was unable to verify its completeness. Finally, plaintiffs seek information from a computerized dispatch system, i.e., the Alliance System, used by defendant to log the activities (including start times) for its employees. Defendant claims that collecting specific, relevant information from the Alliance System is difficult and burdensome, and has previously produced incomplete information to plaintiffs therefrom. Defendant represented that immediately prior to the hearing, he gave plaintiffs' counsel a disk containing PDF-formatted documents from the system. Obviously, plaintiffs' counsel has been unable to the review this disk for responsiveness.

Accordingly, given the recent, late productions by defendant, the court orders plaintiffs to review the recently produced documents and notify defendant by Monday, November 5, 2007, of any deficiencies in the production. Defendant shall then have ten days from that date to provide a complete, responsive production. Consistent with these terms, plaintiffs' motion is granted,

---

[1] The parties have agreed that defendant may redact private information of non-party employees with regard to this category of production.

1 and defendant is ordered to produce any outstanding documents responsive to plaintiffs'
2 requests. Further, plaintiffs' counsel shall submit a bill of costs within ten days from the date of
3 service of this order detailing the fees and costs incurred in bringing this motion. An order
4 awarding sanctions to plaintiffs pursuant to Fed. R. Civ. P. 37(a)(4) will issue shortly thereafter.
5     SO ORDERED.
6 DATED: October 31, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3